THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

\* \* \* \* \*

UNITED STATES OF AMERICA \* July 7, 2020
 \* Plano, Texas
VS. \* 10:27 a.m. - 10:53 a.m.
 \*
**MAXINE JULIETTE MITCHELL** \* **NO. 4:19-CR-309-3**
JAMES ANTHONY MARZIOLI \* NO. 4:19-CR-309-4

\* \* \* \* \*

**CHANGE OF PLEA HEARING**

BEFORE THE HONORABLE KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

\* \* \* \* \*

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 \* 409-330-1610

1   **APPEARANCES:**

2   For the United States:

3        MR. MATTHEW T. JOHNSON
         **U.S. Attorney's Office - Sherman**
4        600 East Taylor, Suite 2000
         Sherman, TX 75090
5
     For the Defendant:
6
         MR. MARK ARONOWITZ
7        **Law Offices of A & K**
         P.O. Box 1201
8        Texas City, TX 75252

9    Deputy Clerk:

10       JANE AMERSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  **P R O C E E D I N G S**

2  **10:27 A.M. - JULY 7, 2020**

3  THE COURT:  4:19-CR-309, United States vs.

4  Maxine Juliette Mitchell and James Anthony Marzioli.

5  MR. JOHNSON:  Matt Johnson for the United

6  States and we're ready, Your Honor.

7  MR. ARONOWITZ:  Mark Aronowitz for the

8  defendants.

9  THE COURT:  All right.  Sir and ma'am, please

10  raise your right hand to be sworn.

11  DEPUTY CLERK:  Do you solemnly swear the

12  testimony you are about to give in the case before the

13  Court shall be the truth, the whole truth, and nothing

14  but the truth, so help you God?

15  DEFENDANT MARZIOLI:  I do.

16  DEFENDANT MITCHELL:  I do.

17  THE COURT:  All right.  We're here this

18  morning for your Change of Plea Hearing.  I'm going to

19  ask you a series of questions.  If you'll please answer

20  in the order that I called your case.  So, Ms. Mitchell,

21  if you'll please answer first; and Mr. Marzioli, if

22  you'll answer second.

23          Please state your full name and age for

24  the record.

25  DEFENDANT MITCHELL:  Maxine Mitchell.  I'm 30

1  years old.

2      DEFENDANT MARZIOLI:  James Anthony Marzioli,

3  35.

4      THE COURT:  What is the last grade of school

5  you've completed?

6      DEFENDANT MITCHELL:  Some college.

7      DEFENDANT MARZIOLI:  College.

8      THE COURT:  All right.  Have you graduated

9  from college?

10     DEFENDANT MITCHELL:  No, I have not.

11     THE COURT:  Okay.

12     DEFENDANT MARZIOLI:  Yes, ma'am.

13     THE COURT:  Okay.  Have you ever been

14 diagnosed with any mental illness or problem?

15     DEFENDANT MITCHELL:  No, ma'am.

16     DEFENDANT MARZIOLI:  No, ma'am.

17     THE COURT:  Are you currently under the

18 influence of any drug or alcohol?

19     DEFENDANT MITCHELL:  No, ma'am.

20     DEFENDANT MARZIOLI:  No, ma'am.

21     THE COURT:  Counsel, do you believe your

22 clients are competent to proceed here today?

23     DEFENDANT MARZIOLI:  Yes, Your Honor.

24     THE COURT:  Each of you have the right to have

25 your plea taken by the District Judge assigned to your

1  case, or you can have me, a United States Magistrate

2  Judge, take your plea and make a recommendation to the

3  District Court.  Do you understand that you have this

4  right?

5          DEFENDANT MARZIOLI:  Yes, ma'am.

6          DEFENDANT MITCHELL:  Yes, ma'am.

7          THE COURT:  I've received a signed Waiver and

8  Consent Form from both of you.  Do you understand --

9  well, let me ask you first, did you have an opportunity

10 to review this document with your attorney before you

11 signed it?

12         DEFENDANT MITCHELL:  Yes, ma'am.

13         DEFENDANT MARZIOLI:  Yes, ma'am.

14         THE COURT:  And do you understand that by

15 signing this Waiver and Consent Form, you are agreeing

16 to proceed before me today with your Change of Plea

17 Hearing?

18         DEFENDANT MARZIOLI:  Yes, ma'am.

19         DEFENDANT MITCHELL:  Yes, ma'am.

20         THE COURT:  I find the Waiver and Consents

21 have been knowingly and voluntarily given.

22              Have each of you had an opportunity to

23 fully review and discuss your case with your attorney?

24         DEFENDANT MARZIOLI:  Yes, ma'am.

25         DEFENDANT MITCHELL:  Yes, ma'am.

1        THE COURT:  All right.  And just for clarity

2  of the record, Ms. Mitchell, if you'll please answer

3  first, and then you answer.  Thank you.

4        Are you satisfied with the advice and

5  representation you've been given?

6        DEFENDANT MITCHELL:  Yes, ma'am.

7        DEFENDANT MARZIOLI:  Yes, ma'am.

8        THE COURT:  Each of you have been charged in

9  an underlying Indictment.  Have you received a copy of

10  that Indictment?

11        DEFENDANT MITCHELL:  Yes, ma'am.

12        DEFENDANT MARZIOLI:  Yes, ma'am.

13        THE COURT:  And you do have the right to have

14  the Indictment read out loud at this time, or you may

15  waive that right.  What would you like to do?

16        DEFENDANT MITCHELL:  Waive it.

17        DEFENDANT MARZIOLI:  Waive that right.

18        THE COURT:  Do you understand the nature of

19  the charges alleged against you?

20        DEFENDANT MITCHELL:  Yes, ma'am.

21        DEFENDANT MARZIOLI:  Yes, ma'am.

22        THE COURT:  I am going to ask Mr. Johnson at

23  this time to read aloud the elements of the offense

24  that you're pleading guilty to.  These are the elements

25  that the Government would be required to prove beyond a

1  reasonable doubt to establish your guilt if you were to

2  go to trial.

3         Mr. Johnson.

4         MR. JOHNSON:  Yes, Your Honor.  The elements

5  are the same for both defendants that we'd have to

6  prove beyond a reasonable doubt as follows:

7         That you or one or more persons in some

8  way or manner made an agreement to commit the crime

9  charged in the Indictment, that is, to possess with

10 intent to manufacture and distribute 500 grams or more

11 of a mixture or substance containing a detectable

12 amount of methamphetamine, or 50 grams or more of

13 methamphetamine actual, 28 grams or more of an amount

14 of a mixture or substance containing a detectable

15 amount of cocaine base, and an amount of a mixture or

16 substance containing a detectable amount of cocaine;

17        That you knew the unlawful purpose of the

18 agreement; that you joined in it willfully, that is,

19 with intent to further its unlawful purpose;

20        That the overall scope of the conspiracy

21 involved 500 grams or more of a mixture or substance

22 containing a detectable amount of methamphetamine, 50

23 grams or more of methamphetamine actual, 28 grams or

24 more of an amount of a mixture or substance containing

25 a detectable amount of cocaine base, and an amount of a

1 | mixture or substance containing a detectable amount of

2 | cocaine;

3 | That you knew or reasonably should have

4 | known that the scope of the conspiracy involved those

5 | amounts of narcotics.

6 | THE COURT: All right, thank you. Do you

7 | understand the essential elements set forth?

8 | DEFENDANT MITCHELL: Yes, ma'am.

9 | DEFENDANT MARZIOLI: Yes, ma'am.

10 | THE COURT: Do you admit that you committed

11 | each one of those elements?

12 | DEFENDANT MITCHELL: Yes, ma'am.

13 | DEFENDANT MARZIOLI: Yes, ma'am.

14 | THE COURT: I've received plea documents in

15 | your case that consists of a Plea Agreement, a Plea

16 | Agreement Addendum, and a Factual Basis. Can you

17 | confirm for the record that you signed each one of

18 | these documents?

19 | DEFENDANT MITCHELL: Yes, ma'am.

20 | DEFENDANT MARZIOLI: Yes, ma'am.

21 | THE COURT: Did you review each one of the

22 | documents with your attorney before you signed them?

23 | DEFENDANT MITCHELL: Yes, ma'am.

24 | DEFENDANT MARZIOLI: Yes, ma'am.

25 | THE COURT: At this time I'm going to review

1  some of the paragraphs contained in your Plea

2  Agreement.  Starting with paragraph 1 entitled Rights

3  of the Defendant, this paragraph lists constitutional

4  rights that you have:

5              To plead not guilty, to have a trial by a

6  jury, to have your guilt proved beyond a reasonable

7  doubt, to confront and cross-examine witnesses and call

8  witnesses in your defense, and to not be compelled to

9  testify against yourself.

10             Do you understand that you have these

11 constitutional rights?

12         DEFENDANT MITCHELL:  Yes, ma'am.

13         DEFENDANT MARZIOLI:  Yes, ma'am.

14         THE COURT:  Going down to paragraph 2, if you

15 plead guilty in this case, you will waive those

16 constitutional rights.  Do you understand that?

17         DEFENDANT MITCHELL:  Yes, ma'am.

18         DEFENDANT MARZIOLI:  Yes, ma'am.

19         THE COURT:  Paragraph 3 lists the minimum and

20 maximum statutory penalties that can be imposed in your

21 case, and they are as follows:

22             Imprisonment for a period not less than 10

23 years and not more than life, a fine not to exceed $10

24 million or twice any pecuniary gain to you or loss to

25 the victim, a term of supervised release of at least

1  five years, a mandatory Special Assessment of $100,

2  forfeiture of property involved in or traceable to the

3  offense, restitution to victims of the community, and

4  costs of incarceration and supervision.

5             Do you understand those are the minimum

6  and maximum statutory penalties that may be imposed in

7  your case?

8             DEFENDANT MITCHELL:  Yes, ma'am.

9             DEFENDANT MARZIOLI:  Yes, ma'am.

10            THE COURT:  The next paragraph discusses the

11  United States Sentencing Guidelines.  Essentially,

12  those Guidelines will be used by the Court in

13  determining your sentence, but they are not binding

14  upon the Court.  Do you understand that?

15            DEFENDANT MITCHELL:  Yes, ma'am.

16            DEFENDANT MARZIOLI:  Yes, ma'am.

17            THE COURT:  Have each of you had an

18  opportunity to review the applicable Guideline range

19  and provisions in your case with your attorney?

20            DEFENDANT MITCHELL:  Yes, ma'am.

21            DEFENDANT MARZIOLI:  Yes, ma'am.

22            THE COURT:  Paragraph 5, entitled Guideline

23  Stipulations, lists certain Guideline provisions that

24  you and the Government have agreed should apply in your

25  case.  Do you understand that the Court is not bound by

1  these stipulations?

2           DEFENDANT MITCHELL:  Yes, ma'am.

3           DEFENDANT MARZIOLI:  Yes, ma'am.

4           THE COURT:  So what that means is, is if the

5  Government -- or if the Court applies a different

6  Guideline provision than what you and the Government

7  have agreed should apply, you will still be bound by

8  this Plea Agreement.  Do you understand that?

9           DEFENDANT MITCHELL:  Yes, ma'am.

10           DEFENDANT MARZIOLI:  Yes, ma'am.

11           THE COURT:  All right.  Sir, your Plea

12  Agreement contains Paragraph 8, entitled Forfeiture.

13  And the paragraph states that you're agreeing to

14  forfeit to the United States the two items specifically

15  set forth in subsections (a) and (b), that is, the

16  handgun as specified in subsection (a) and any

17  ammunition related to this case.  Is that correct?

18           DEFENDANT MARZIOLI:  Yes, ma'am.

19           DEFENDANT MITCHELL:  Yes, ma'am.

20           THE COURT:  Paragraph 10 for Ms. Mitchell and

21  Paragraph 11 for Mr. Marzioli, entitled Voluntary Plea,

22  this paragraph states that your plea of guilty is

23  freely and voluntarily made.  Has anyone tried to force

24  you or threaten you to plead guilty in this case?

25           DEFENDANT MITCHELL:  No, ma'am.

1          DEFENDANT MARZIOLI:  No, ma'am.

2          THE COURT:  Other than this Plea Agreement,

3  have any promises been made to you in an effort to

4  induce your plea of guilty?

5          DEFENDANT MITCHELL:  No, ma'am.

6          DEFENDANT MARZIOLI:  No, ma'am.

7          THE COURT:  The next paragraph, entitled

8  Waiver of Right to Appeal or Otherwise Challenge your

9  Sentence, states that you're agreeing to give up your

10  appellate rights in this case with the exception of two

11  limited circumstances.  One is that the sentence

12  imposed exceeds the statutory maximum that we just

13  discussed.  The other is your right to appeal or seek

14  collateral review of a claim of ineffective assistance

15  of counsel.  Are you in fact agreeing to give up your

16  appellate rights in this case with the exception of

17  those two circumstances?

18          DEFENDANT MITCHELL:  Yes, ma'am.

19          DEFENDANT MARZIOLI:  Yes, ma'am.

20          THE COURT:  All right.  Have you ever been

21  convicted of a felony before?

22          DEFENDANT MITCHELL:  No, ma'am.

23          DEFENDANT MARZIOLI:  No, ma'am.

24          THE COURT:  Do you understand that in addition

25  to the sentence imposed, you will also lose certain

1 rights that you now hold as a citizen, to vote, serve

2 on a jury, and possess a firearm?

3          DEFENDANT MARZIOLI:  Yes, ma'am.

4          DEFENDANT MITCHELL:  Yes, ma'am.

5          THE COURT:  If you'll look with me at your

6 Factual Basis, Mr. Johnson, would you please summarize

7 the underlying Factual Basis for each case.

8          MR. JOHNSON:  Yes, Your Honor.  It's identical

9 for both defendants.  The defendants are the same

10 persons charged in the Indictment.  The events

11 described in their Indictments occurred in the Eastern

12 District of Texas and elsewhere:

13               The defendants and one or more persons in

14 some way or manner made an agreement to commit the

15 crime charged in the Indictment, to knowingly and

16 intentionally possess with intent to distribute and

17 dispense at least 500 grams or more of a mixture or

18 substance containing a detectable amount of

19 methamphetamine, or 50 grams or more of methamphetamine

20 actual, 28 grams or more of an amount of a mixture or

21 substance containing a detectable amount of cocaine

22 base, and an amount of mixture or substance containing

23 a detectable amount of cocaine, and that the defendant

24 knew the unlawful purpose of the agreement and joined

25 in it with the intent to further it, and that they

1  knew that the amount involved during the term of the
2  conspiracy involved at least 500 grams or more of a
3  mixture or substance containing a detectable amount of
4  methamphetamine, or 50 grams or more of methamphetamine
5  actual, 28 grams or more of an amount of a mixture or
6  substance containing a detectable amount of cocaine
7  base, an amount of a mixture or substance containing a
8  detectable amount of cocaine; this amount was involved
9  in the conspiracy after the defendants entered the
10 conspiracy, was reasonably foreseeable to them, and was
11 part of a jointly undertaken activity.

12         THE COURT:  Thank you.

13             Is everything in your Factual Basis true
14 and correct?

15         DEFENDANT MITCHELL:  Yes, ma'am.

16         DEFENDANT MARZIOLI:  Yes, ma'am.

17         THE COURT:  Are there any changes you'd like
18 to make to it at this time?

19         MR. ARONOWITZ:  Not from the defense, Your
20 Honor.

21         THE COURT:  For either of them?

22         MR. ARONOWITZ:  Either of them, Your Honor.

23         THE COURT:  Okay.

24             All right.  Ms. Mitchell, in your own
25 words, please summarize the criminal conduct that

1  you're pleading guilty to.

2       DEFENDANT MITCHELL:  Yeah, we were involved in

3  selling drugs.

4       THE COURT:  All right.  And you agree with --

5  well, when you say "we," that means that you and at

6  least one other person; correct?

7       DEFENDANT MITCHELL:  Yes.

8       THE COURT:  Do you agree with the amounts that

9  are stated in the Factual Basis, and that is that you

10 knew or should have known that the persons you were

11 distributing methamphetamine and cocaine with were

12 responsible for at least 500 grams or more of a

13 substance containing methamphetamine, or 50 grams of

14 actual methamphetamine, and 28 grams of cocaine base,

15 or an amount containing a detectable amount of cocaine

16 base?

17      DEFENDANT MITCHELL:  Yes -- yes, Your Honor.

18      THE COURT:  Okay.  Do you agree with that

19 amount?

20      DEFENDANT MITCHELL:  Yes, I agree.

21      THE COURT:  Okay.

22      All right.  Mr. Marzioli, in your own

23 words, please summarize the criminal conduct that

24 you're pleading guilty to.

25      DEFENDANT MARZIOLI:  Myself and Ms. Mitchell

1 and a couple of other people were in agreement to sell

2 coke and methamphetamines.

3        THE COURT: All right. And you said y'all

4 were in agreement. Did you actually participate in

5 that?

6        DEFENDANT MARZIOLI: Yes, ma'am.

7        THE COURT: Okay. Do you agree with the

8 amount stated --

9        DEFENDANT MARZIOLI: Yes, ma'am.

10        THE COURT: -- regarding the methamphetamine

11 and cocaine?

12        DEFENDANT MARZIOLI: Yes, ma'am.

13        THE COURT: Are counsel satisfied there's a

14 Factual Basis to support both pleas?

15        MR. JOHNSON: Yes, Your Honor.

16        MR. ARONOWITZ: Defense is satisfied, Your

17 Honor, for both.

18        THE COURT: All right. Counsel, let me ask

19 you, have you had an opportunity to fully review and

20 discuss the case with your clients?

21        MR. ARONOWITZ: Yes, I have, Your Honor.

22        THE COURT: Do you join in each of their

23 decisions to plead guilty?

24        MR. ARONOWITZ: Yes, I do, Your Honor.

25        THE COURT: All right. At this time I'll ask

1 both of you, with respect to Count One of the

2 Indictment, which charges a violation of 21 United

3 States Code, 846, Conspiracy to Possess with the Intent

4 to Manufacture and Distribute a Mixture or Substance

5 Containing a Detectable Amount of Methamphetamine and

6 Cocaine, how do you plead, guilty or not guilty?

7         DEFENDANT MITCHELL:  Guilty.

8         DEFENDANT MARZIOLI:  Guilty.

9         THE COURT:  I'll accept your plea of guilty to

10 Count One.  I'm going to make the following findings on

11 the record for both of your cases:

12         The Court finds that you are competent to

13 plead, you have had assistance of counsel, you

14 understand your trial rights and the nature of the

15 charges alleged against you, you understand the minimum

16 and maximum penalties that can be imposed in your case.

17 And while the Court will refer to the Sentencing

18 Guidelines in determining your sentence, those

19 Guidelines are not mandatory or binding upon the Court.

20 I find that your plea is knowing and voluntary, there

21 is a Factual Basis to support your plea.  I will make a

22 recommendation that the District Court accept your plea

23 of guilty.  You do have 14 days to make an objection to

24 that recommendation.

25         All right, with respect to the issue of

1  custody for Ms. Mitchell, I've received your report
2  from Pretrial stating that she has been compliant with
3  conditions.  However, because of the offense she's
4  pleading guilty to, the statute mandates that she be
5  taken into custody.  Is there any reason that that
6  shouldn't be the case?

7          MR. JOHNSON:  Your Honor, because she's in
8  compliance and due to the nature of the pandemic, we
9  feel like that would be adequate reason to allow her to
10 remain on bond.

11         THE COURT:  I'll tell you, I don't disagree
12 with that.  I just don't have flexibility under the
13 statute unless it's in very limited circumstances, and
14 I don't know the language off the top of my head.  I
15 want to look at it to make sure that that's permissible.

16         MR. ARONOWITZ:  Your Honor, our position is
17 that she meets the exception because she has been
18 enrolled in a continuing treatment program.

19         THE COURT:  Yeah, that's not an exception.
20 Once a plea to an offense that mandates, that's not an
21 exception.  It changes with respect to what I have
22 authority to allow someone to be out on bond under
23 conditions.  Once a plea of this offense is entered,
24 it's not up to me.

25             Mr. Johnson, do you recall under the

1 statute what the specific language is regarding this

2 issue?

3      MR. JOHNSON:  There are I think two prongs

4 that have to be met.  I believe there has to be an

5 exceptional circumstance and a stipulation by the

6 Government as to -- in other words, I think the

7 Government has to agree.

8      THE COURT:  Well, it's more than just the

9 Government agrees, though.  And that exceptional

10 circumstance language I don't recall specifically.  I'm

11 going to take a two-minute recess because I can get to

12 the language in my office quickly, because I want to

13 resolve this issue now.  So let me go pull that statute

14 and then I'll be back with you.

15      *[10:44 a.m. - Recess begins]*

16      *[10:50 a.m. - Recess ends]*

17      THE COURT:  All right, before I address this

18 issue, is there anything further from counsel as to

19 Mr. Marzioli?

20      MR. JOHNSON:  No, Your Honor.

21      MR. ARONOWITZ:  Nothing from the defense, Your

22 Honor.

23      THE COURT:  All right, we'll be adjourned in

24 his case.

25       Okay.  So the statute that's applicable

1  here, the language is specifically that the provisions

2  as to flight and danger are the 3143(a)(1) provision

3  regarding -- and I think it's a clear and convincing

4  standard that the defendant is not likely to flee or

5  pose a danger to the community, combined with an

6  exceptional reason, and that's not really further

7  defined.

8          Given the status of COVID-19 in the jails,

9  I do believe that that would be an exceptional reason.

10  I know -- I recall in this case we had one incident

11  early on regarding a pretrial violation.  And then I

12  think since that time Ms. Mitchell has been enrolled

13  in -- isn't it inpatient or some sort of treatment

14  facility?

15       MR. ARONOWITZ:  It was inpatient and now she's

16  doing after-care.

17       THE COURT:  Okay.  And so -- and I don't

18  believe there's been any issues with respect to

19  violations since that time.  So I think there is  a

20  basis to find clear and convincing evidence that

21  Ms. Mitchell is not likely to flee or pose a danger to

22  the community.

23          Mr. Johnson, it sounds like you're in

24  agreement with that; is that correct?

25       MR. JOHNSON:  Yes, Your Honor.

1          THE COURT:  All right.  Okay, I'm going to

2     find that there is an exception here and allow you,

3     Ms. Mitchell, to remain under the conditions of release

4     that you have been on, including the treatment program

5     that you've been involved in.  I'm glad that you're

6     doing well.

7               Anything further from counsel?

8          MR. JOHNSON:  No, Your Honor.

9          MR. ARONOWITZ:  Nothing from the defense, Your

10    Honor.

11         THE COURT:  All right, we'll stand adjourned.

12         MR. ARONOWITZ:  Thank you.

13         *[10:53 a.m. - Proceeding adjourned]*

14

15               C E R T I F I C A T I O N

16

17       I certify that the foregoing is a correct

18    transcript of the electronic sound recording of the

19    proceedings in the above-entitled matter.

20

21

22    /s/ Gwen Reed

23    8-27-21

24

25

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610