TRULINCS 29116078 - MITCHELL, MAXINE JULIETTE - Unit: CCC-B-A

---

FROM: 29116078
TO:
SUBJECT: COMPASSIONATE RELEASE
DATE: 06/02/2024 06:02:43 PM

**FILED**

JUN 12 2024

Clerk, U.S. District Court
Texas Eastern

June 3rd, 2024

From: Maxine Juliette Mitchell
#29116-078
Metropolitan Correctional Center
MCC - Chicago
71 West Van Buren Street
Chicago, IL 60605

To: United States Courthouse
Attn: Clerk of Court
101 East Pecan Street, 1st Floor
Sherman, TX 75090

RE: COMPASSIONATE RELEASE MOTION FILED PRO SE IN ACCORDANCE WITH 18 U.S.C. 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT OF 2018

---

UNITED STATES OF AMERICA,
Plaintiff

v.

MOTION FOR COMPASSIONATE RELEASE
FILED PRO SE IN ACCORDANCE WITH 18 U.S.C. 3582(c)(1)(A)
AS AMENDED BY THE FIRST STEP ACT OF 2018

4:19 cr 309.3

MAXINE JULIETTE MITCHELL,
Defendant

---

COMES NOW the Defendant with a Motion for Compassionate Release in accordance with 18 U.S.C. 3582(c)(1)(A) as amended by the First Step Act of 2018 filed pro se on the basis of U.S.S.G. 1B1.13(b)(4)(A) VICTIM OF ABUSE (SEXUAL ABUSE which occurred while the Defendant was held in custody by the Federal Bureau of Prisons at Satellite Prison Camp (SPC) Dublin, California).

The Defendant has been determined by the Federal Bureau of Prisons to be at MINIMUM risk for recidivism and MINIMUM risk for violence and held in MINIMUM security custody (see PATTERN Document). The Defendant requests a term of supervised release with special conditions that does not exceed the unserved portion of the original term of of imprisonment in accordance with 18 U.S.C. 3582(c)(1)(A). The 18 U.S.C. 3553(a) factors WEIGH IN FAVOR OF RELEASE.

The Defendant is represented in civil litigation for the SEXUAL ABUSE and the RETALIATION that the Defendant suffered while being held in the custody of the Federal Bureau of Prisons by:

Rosen, Bien, Galvin and Grunfeld, LLP
Attorney Kara Janssen (415) 433-6830
Attorney Susan Beaty (510) 679-3674
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738

and

Bianco, Orozco and Pride Law Firm
2831 Camino Del Rio, South, Suite 104

TRULINCS 29116078 - MITCHELL, MAXINE JULIETTE - Unit: CCC-B-A

----------------------------------------------------------------------------------------

San Diego, CA 92108
(619) 516-8166

The Defendant was the victim of sexual abuse which has been determined by the United States Sentencing Commission to be an "extraordinary and compelling reason" to warrant a reduction of sentence in U.S.S.G. 1B1.13(b)(4)(A) which states:

1B1.13 Reduction in Term of Imprisonment Under 18 U.S.C. 3582(c)(1)(A)(Policy Statement)

(b) EXTRAORDINARY AND COMPELLING REASONS. - Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(4) VICTIM OF ABUSE. - The Defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2)(including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the Defendant.

Sexual abuse involving a "sexual act" is defined in 18 U.S.C. 2246(2):

(2) the term "sexual act" means-

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

The Defendant truthfully submits that she has suffered multiple abusive sexual acts as defined in 18 U.S.C. 2246(2)(D) and subsequent retaliation by staff while being held in custody by the Federal Bureau of Prisons at SPC Dublin in California. The officer is being criminally charged and the Defendant has fully cooperated with both the FBI investigation and was involved in the United States Attorney prosecuting the offending officer who was employed by the Federal Bureau of Prisons.

In accordance with 18 U.S.C. 3582(c)(1)(A), the Defendant did request Compassionate Release on this basis from the Warden of SPC Dublin on November 26th, 2023. Additionally, the Defendant did request from the Special Master appointed by the Federal District Court, Wendy Still, on April 18, 2024. Thirty (30) days have lapsed from the receipt of such requests.

The First Step Act amended the language regarding Compassionate Release in 18 U.S.C. 3582(c)(1)(A) which states:

(c) Modification of an Imposed Term of Imprisonment. The Court may not modify a term of imprisonment once it has been imposed except that - (1) in any case -

(A) the Court, upon motion of the Director of the Bureau of Prisons, or upon motion of the Defendant after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the Defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable.

Specifically, "...and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment..." the Defendant respectfully requests a term of supervised release with special conditions that include vital and necessary mental health counseling/therapy and treatment.

TRULINCS 29116078 - MITCHELL, MAXINE JULIETTE - Unit: CCC-B-A

----------------------------------------------------------------------------------------

The pandemic has materially effected the Federal Bureau of Prisons (BOP) and they are extremely short-staffed and no longer able to provide the safety, medical care/treatment, psychological services, and evidence based recidivism reducing educational classes and programs specified by law. The Defendant will comply with the U.S. Probation Office regarding the special conditions imposed with a term of supervised release (not to exceed the original term of the sentence) in order to acquire this necessary mental health care/treatment.

The Federal Bureau of Prisons has not provided adequate psychological care/treatment regarding the sexual abuse the Defendant suffered while in their custody. This mental health counseling and treatment could also provide vital and necessary substance use treatment to ensure success with re-entry into the Defendant's community.

On Sunday, January 28th, 2024, a documentary was released by "60 Minutes" and aired on public television (CBS), and is now available to the public on-line, entitled "Agency in Crisis" in which Reporter Cecelia Vega interviewed the Director of the Federal Bureau of Prisons, Colette Peters, regarding the many significant issues occurring at this critical time in history. The Federal Bureau of Prisons is short-staffed approximately 8,000 officers and is no longer able to provide the safety, medical care/treatment, psychological services, rehabilitation and protection specified by law.

In this documentary, Reporter Cecelia Vega, specifically address the rampant sexual abuse problems at the Dublin facility and the retaliation that was still occurring. FCI Dublin and FPC Dublin has been referred to in the news media as "Rape Club."

Days later, a Report was issued February 6th, 2024, by the Government Accountability Office, chastising the Federal Bureau of Prisons (BOP) for implementing fewer than half of the prior GAO recommendations and blamed the BOP for failing to "assign responsibility for implementing these recommendations to the appropriate officials."

CNN then reported: "Chronic failures by the Federal Bureau of Prisons contributed to the deaths of hundreds of federal prison inmates," the Department of Justice's Inspector General said, in what CNN described as a "blistering report" released Thursday, February 15th, 2024.

"A combination of negligence, operational failures, and a blundering workforce," the Washington Post wrote. CNN said that the DOJ itself has issued scathing rebukes against the Federal Bureau of Prisons, outlining serious mistakes that have led to the deaths of high profile inmates. But, the circumstances that led to [those high -profile] deaths are emblematic of wide-ranging and recurring issues within the federal prison system that affect many other inmates, including the Defendant.

The BOP continues to face severe staffing shortages. Correctional officers work multiple shifts and health care workers are "augmented" to serve as correctional officers, being pulled from their regular duties.

Considering the Defendant's initiative to seek rehabilitative treatment while incarcerated, her satisfactory behavior while incarcerated, her custody and security level (MINIMUM risk for recidivism), as well as the intense supervised release special condition that could be imposed with this motion, additional incarceration is not necessary to "protect the public from further crimes of the Defendant." 18 U.S.C. 3553(a)(2)(C).

The Defendant's obligation to comply with the terms of supervised release would best "provide the Defendant with... correctional treatment in the most effective manner." 18 U.S.C. 3553(a)(2)(D).

Incarceration is not the "only kind of sentence available". 18 U.S.C. 3553(a)(3). A non-custodial sentence will limit her liberty interests through supervised release and the Defendant will face harsh consequences if she violates the special conditions activated upon her release from BOP custody.

Those special conditions promote respect for the law, protect the public and do not constitute any approval of her past criminal conduct. At this juncture, use of the First Step Act will not create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes." 18 U.S.C. 3553(a)(6).

The Defendant respectfully requests Compassionate Release with a term of SUPERVISED RELEASE with SPECIAL CONDITIONS (not to exceed the original term of imprisonment) and those special conditions to include vital and necessary mental health counseling and psychological care/treatment.

The Defendant has (1) exhausted her administrative rights; (2) provided extraordinary and compelling reason to warrant a reduction in sentence as determined by the United States Sentencing Commission; and (3) submitted to this Honorable Court in consideration of the 18 U.S.C. 3553(a) factors that she has been determined by the Federal Bureau of Prisons to be at

TRULINCS 29116078 - MITCHELL, MAXINE JULIETTE - Unit: CCC-B-A

----------------------------------------------------------------------------------------

MINIMUM risk for recidivism and MINIMUM risk for violence and to be held in MINIMUM security custody. She is not a threat to herself or her community and the 18 U.S.C. 3553(a) factors WEIGH IN FAVOR OF RELEASE.

The Defendant prays that this Honorable Court finds that Compassionate Release is appropriate at this time.

Respectfully Submitted,

Maxine Juliette Mitchell

Maxine Mitchell #29MC078
MCC - Chicago
1 West Van Buren St
Chicago, IL 60605

**RECEIVED**
JUN 12 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

United States Courthouse
Attn: Clerk of Court
101 East Pecan St, 1st floor
Sherman, TX 75090


FOREVER / USA
celebrate