TRULINCS 29116078 - MITCHELL, MAXINE JULIETTE - Unit: CCC-B-A

---

FROM: 29116078
TO:
SUBJECT: COMPASSIONATE RELEASE
DATE: 07/14/2024 12:48:28 PM

July 15th, 2024

From: Maxine Juliette Mitchell
#29116-078
Metropolitan Correctional Center
MCC - Chicago
71 West Van Buren Street
Chicago, IL  60605

To: United States Courthouse
Attn: Clerk of Court
101 East Pecan Street, 1st Floor
Sherman, TX  75090

**FILED**

JUL 2 2 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

4:19 CR 309

RE: COMPASSIONATE RELEASE MOTION FILED PRO SE IN ACCORDANCE WITH 18 U.S.C. 3582(c)(1)(A)
AS AMENDED BY THE FIRST STEP ACT OF 2018

---

UNITED STATES OF AMERICA,
Plaintiff

v.

MOTION TO COMPEL
COMPASSIONATE RELEASE FILED PRO SE
IN ACCORDANCE WITH 18 U.S.C. 3582(c)(1)(A)
AS AMENDED BY THE FIRST STEP ACT OF 2018

MAXINE JULIETTE MITCHELL,
Defendant

---

COMES NOW the Defendant respectfully requesting this Honorable Court with a Motion to Compel, as the Plaintiff has not filed opposition to the Motion for Compassionate Release, which was filed by the Defendant, pro se on June 3rd, 2024, in accordance with 18 U.S.C. 3582(c)(1)(A) as amended by the First Step Act of 2018 on the basis of U.S.S.G. 1B1.13(b)(4)(A) VICTIM OF ABUSE (SEXUAL ABUSE), which occurred while the Defendant was held in custody by the Federal Bureau of Prisons at Satellite Prison Camp (SPC) Dublin, California. This sexual abuse fits the very text and definition of 18 U.S.C. 2246 (2)(D) and the Defendant has cooperated with the Government investigation by reporting details truthfully to the Department of Justice, the United States Attorney, and the Federal Bureau of Investigations.

The Defendant has been determined by the Federal Bureau of Prisons to be at MINIMUM risk for recidivism and MINIMUM risk for violence and held in MINIMUM security custody (see PATTERN Document). The Defendant requests a term of supervised release with special conditions that does not exceed the unserved portion of the original term of imprisonment in accordance with 18 U.S.C. 3582(c)(1)(A). The Defendant has completed in excess of three (3) years of her sentence and has completed a substantial amount of rehabilitation including the Non-Residential Drug Abuse Program (N-RDAP). The Defendant respectfully submits to this Honorable Court that the 18 U.S.C. 3553(a) factors WEIGH IN FAVOR OF RELEASE.

The Defendant is represented in civil litigation for the SEXUAL ABUSE and the RETALIATION that the Defendant suffered while being held in the custody of the Federal Bureau of Prisons.

The Defendant was the victim of sexual abuse which has been determined by the United States Sentencing Commission to be an "extraordinary and compelling reason" to warrant a reduction of sentence in U.S.S.G. 1B1.13(b)(4)(A) which states:

1B1.13 Reduction in Term of Imprisonment Under 18 U.S.C. 3582(c)(1)(A)(Policy Statement)

TRULINCS 29116078 - MITCHELL, MAXINE JULIETTE - Unit: CCC-B-A
------------------------------------------------------------------------------------------

(b) EXTRAORDINARY AND COMPELLING REASONS. - Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(4) VICTIM OF ABUSE. - The Defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2)(including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the Defendant.

Sexual abuse involving a "sexual act" is defined in 18 U.S.C. 2246(2):

(2) the term "sexual act" means-

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

The Defendant truthfully submits that she has suffered multiple abusive sexual acts as defined in 18 U.S.C. 2246(2)(D) and subsequent retaliation by staff while being held in custody by the Federal Bureau of Prisons at SPC Dublin in California. The officer is being criminally charged and the Defendant has fully cooperated with both the FBI investigation and was involved in the United States Attorney prosecuting the offending officer who was employed by the Federal Bureau of Prisons.

In accordance with 18 U.S.C. 3582(c)(1)(A), the Defendant did request Compassionate Release on this basis from the Warden of SPC Dublin on November 26th, 2023. Additionally, the Defendant did request from the Special Master appointed by the Federal District Court, Wendy Still, on April 18, 2024. Thirty (30) days have lapsed from the receipt of such requests.

The First Step Act amended the language regarding Compassionate Release in 18 U.S.C. 3582(c)(1)(A) which states:

(c) Modification of an Imposed Term of Imprisonment. The Court may not modify a term of imprisonment once it has been imposed except that - (1) in any case -

(A) the Court, upon motion of the Director of the Bureau of Prisons, or upon motion of the Defendant after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the Defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable.

Specifically, "...and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment..." the Defendant respectfully requests a term of supervised release with special conditions that include vital and necessary mental health counseling/therapy and treatment.

Considering the Defendant's initiative to seek rehabilitative treatment while incarcerated, her satisfactory behavior while incarcerated, her custody and security level (MINIMUM risk for recidivism), as well as the intense supervised release special condition that could be imposed with this motion, additional incarceration is not necessary to "protect the public from further crimes of the Defendant." 18 U.S.C. 3553(a)(2)(C).

The Defendant's obligation to comply with the terms of supervised release would best "provide the Defendant with...

TRULINCS 29116078 - MITCHELL, MAXINE JULIETTE - Unit: CCC-B-A

---

correctional treatment in the most effective manner." 18 U.S.C. 3553(a)(2)(D).

Incarceration is not the "only kind of sentence available". 18 U.S.C. 3553(a)(3). A non-custodial sentence will limit her liberty interests through supervised release and the Defendant will face harsh consequences if she violates the special conditions activated upon her release from BOP custody.

Those special conditions promote respect for the law, protect the public and do not constitute any approval of her past criminal conduct. At this juncture, use of the First Step Act will not create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes." 18 U.S.C. 3553(a)(6).

The Defendant respectfully requests Compassionate Release with a term of SUPERVISED RELEASE with SPECIAL CONDITIONS (not to exceed the original term of imprisonment) and those special conditions to include vital and necessary mental health counseling and psychological care/treatment.

The Defendant has (1) exhausted her administrative rights; (2) provided extraordinary and compelling reason to warrant a reduction in sentence as determined by the United States Sentencing Commission; and (3) submitted to this Honorable Court in consideration of the 18 U.S.C. 3553(a) factors that she has been determined by the Federal Bureau of Prisons to be at MINIMUM risk for recidivism and MINIMUM risk for violence and to be held in MINIMUM security custody. She is not a threat to herself or her community and the 18 U.S.C. 3553(a) factors WEIGH IN FAVOR OF RELEASE.

The Defendant prays that this Honorable Court finds that Compassionate Release is appropriate at this time.

Respectfully Submitted,

Maxine Juliette Mitchell

Maxine Mitchell 29M6078
Metropolitan Correction Center
MCC Chicago
71 W. Van Buren St
Chicago, IL 60605

S SUBURBAN IL 604
15 JUL 2024 PM 3 L



United States Courthouse
Attn: Clerk of Court
101 East Pecan Street 1st Floor
Sherman, TX 75090

LEGAL MAIL

75090-598937